**DENIED and Opinion Filed February 11, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00130-CV**

**IN RE SEAN D. CLANCY, Relator**

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-56020-2018**

## MEMORANDUM OPINION
Before Justices Brown, Schenck, and Reichek
Opinion by Justice Reichek

In this original proceeding, relator seeks a writ of mandamus directing the trial court to vacate its January 18, 2019 temporary orders and to conduct a temporary orders hearing at which relator may present evidence and argument. Relator complains of the substance of the temporary orders and preliminary rulings granting his prior counsel's motion to withdraw, denying relator's motion for continuance, and refusing to consider evidence offered by relator in opposition to the temporary orders.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents,

including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of a motion for continuance, an order denying the motion for continuance, the transcripts of the November 15, 2018 or January 18, 2019 hearings, or any of the petitions or motions filed in the Collin County proceeding, including counsel's motion to withdraw as counsel, relator's petition, the real party in interest's counter-petition, and relator's motion in opposition to the temporary orders. This record is insufficient to establish the trial court abused its discretion. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

190130F.P05